MEMORANDUM *
The seamen concede that they did not incur liability or receive balance bills for additional medical expenses until after they informed them medical providers that they were not subject to state workers’ compensation limitations. Because the seamen did not receive balance bills from them medical providers until after they filed their third amended complaint, the seamen had suffered no injury-in-fact at the time the third amended complaint was filed and therefore lacked standing to bring their complaint.[1] See Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (plurality opinion); Didrickson v. United States Dep’t of Interior, 982 F.2d 1332, 1339 (9th Cir.1992).
Nor do the seamen establish a “genuine threat” of future injury. See Thomas v. Anchorage Equal Rights Comm’n, 220 F.3d 1134, 1139 (9th Cir.2000) (en banc). The seamen offer conclusory allegations regarding their risk of future liability, but adduce no evidence that any medical provider was dissatisfied with an employer’s initial payment before the seamen filed the third amended complaint. Likewise, the seamen adduce no evidence that the employers will not pay the additional medical bills. Without any “specific facts,” these “some day” threats are insufficient to confer standing. See Lujan, 504 U.S. at 563-64, 112 S.Ct. 2130. The seamen’s predictions of contingent liability are similarly speculative, as the seamen fail to adduce evidence establishing concrete, immediate *258 harm caused by any contingent liability. Cf. Clinton v. City of New York, 524 U.S. 417, 431, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998); Bancard Servs., Inc. v. E* Trade Access, Inc., 292 F.Supp.2d 1235, 1240-41 (D.Or.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. It follows that the two seamen who did not receive balance bills, and the seaman who received a balance bill with a zero balance, likewise failed to show injury-in-fact and thus lacked standing.